## HASKINS v. TUCKER et al.

PRACTICE — *judgment when declaration not on file.* The court cannot proceed to judgment in an action at law without a declaration on file in the cause.

COSTS *will not be allowed to party in fault.* Where the error complained of was occasioned by the negligent act of the attorney for plaintiff in error costs will not be allowed.

*Error to Probate Court, Clear Creek County.*

Mr. C. C. POST, for plaintiff in error.

Mr. L. H. SHEPHERD, for defendant in error.

HALLETT, C. J.   It appears by the bill of exceptions in this case, that the declaration, although seasonably filed in the cause, was not before the probate court at the time judgment was rendered.   One of the attorneys for the plaintiff in error had taken the paper from the files by consent of the probate judge and had failed to return it, and the court appears to have regarded this omission of the attorney as sufficient to warrant the court in proceeding to judgment without the pleading.

A declaration is the statement of the plaintiff's cause of action and enters into the record of the cause.   Without it the court cannot be informed of the nature and extent of the plaintiff's demand, and of course cannot give to such demand the form of a judgment.   If an attorney or other person shall be guilty of misconduct in taking papers from the files of a court, or in refusing to return such papers, he may be punished for his offense; but the wrongful act of a person in taking pleadings from the files will not cure defects in the record caused by such withdrawal.   It was in the power of the court below to allow the loss of the declaration to be supplied by filing a copy, if defendants in error had sought to do so, but the court could not proceed to judgment without a declaration on file.   As the error in this record appears to have grown out of the negligent act of the attorney for plaintiff in error, we shall not

allow the plaintiff any costs. The judgment of the probate court is reversed and the cause is remanded.

*Reversed.*